IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN DOE, et al.                :         CIVIL ACTION
                                :
        v.                      :
                                :
MARTIN ARMSTRONG, et al.        :         NO. 18-1263


                          MEMORANDUM

Bartle, J.                                    July 19, 2018

        Plaintiffs Joe Doe, Richard Roe, and ABC Company bring this diversity action against defendant Martin Armstrong for a declaratory judgment under 28 U.S.C. § 2201. Specifically, plaintiffs seek a declaration that a coin collection belongs to plaintiffs as bona fide purchasers. Before the court is the motion of defendant to strike certain allegations from plaintiffs' complaint.

        According to the complaint, plaintiffs are engaged in the business of purchasing and selling coins and precious stones. On March 5, 2014, plaintiffs entered into a transaction with an unnamed third party to purchase a group of purportedly ancient gold and silver coins. That third party allegedly was in the business of cleaning out old or abandoned properties and, as part of his compensation, was entitled to retain ownership of anything he found therein.

        Thereafter, plaintiffs entered into a consignment agreement with Heritage Numismatic Auctions, Inc. to sell the coins

at an auction to be held in New York City on January 7-8, 2018.  Beginning in December 2017, defendant's attorney contacted Heritage and asserted that defendant was the true owner of the coin collection.  As a result, Heritage removed the coins from the auction.  Heritage further agreed to retain and not sell the coins until the dispute regarding ownership is resolved.

In the complaint, plaintiffs refer to defendant's August 17, 2006 guilty plea before the United States District Court for the Southern District of New York to one count of conspiracy to commit securities fraud, wire fraud, and commodities fraud.  <u>See</u> <u>United States v. Armstrong</u>, No. 99-97 (S.D.N.Y.).  Defendant was thereafter sentenced to 60 months' imprisonment and was released on or about March 2011.  Plaintiffs also refer to a civil contempt sanction imposed on defendant for failure to comply with a court order to produce certain assets, including gold coins.  Finally, plaintiffs refer to civil lawsuits involving defendant, including an order entered by the Securities and Exchange Commission barring defendant from associating with any investment advisors.

Defendant asserts that these allegations are "immaterial, impertinent, and scandalous, as they are merely designed to vilify Mr. Armstrong's character and foster prejudice, have no possible relation to the controversy, and serve only to muddy the issues in this case."  He does not contend, however, that any of these allegations is untrue.

Rule 12(f) of the Federal Rules of Civil Procedure provides that the court may strike from any pleading any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike "is a 'drastic remedy' to be used sparingly because of the difficulty of deciding a case without a factual record." Dann v. Lincoln Nat'l Corp., 274 F.R.D. 139, 142 (E.D. Pa. 2011) (citation omitted). Such motions will be denied unless the material at issue has "no possible relation to the controversy and may cause prejudice to one of the parties." McInerny v. Moyer Lumber & Hardware, Inc., 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). "Prejudice occurs when the challenged pleading confuses the issues or is so lengthy and complex that it places an undue burden on the responding party." Karpov v. Karpov, 307 F.R.D. 345, 348 (D. Del. 2015) (citing Goode v. LexisNexis Risk & Info. Analytics Grp., Inc., 284 F.R.D. 238, 243 (E.D. Pa. 2012)).

After reviewing the motion, we find that defendant has not met his burden to establish that the allegations at issue have no possible relation to the action and will simply cause prejudice. See McInerny, 244 F. Supp. 2d at 402. Under Rule 609 of the Federal Rules of Evidence, evidence of defendant's prior criminal conviction may be admitted, subject to Rule 403, to impeach defendant's character for truthfulness if he chooses to testify in

this matter.  See Sharif v. Picone, 740 F.3d 263, 273 & n.10 (3d Cir. 2014).  Similarly, statements made by defendant in connection with the civil contempt order and other lawsuits may be relevant to defendant's credibility concerning his claim of ownership to the coin collection at issue here.  Simply put, we see no reason to employ the "drastic remedy" of striking these allegations from the complaint at this early stage of the action.

    Nonetheless, our decision here on the pending motion should not be constructed as a ruling at this time on the ultimate admissibility or discoverability of evidence related to these allegations.  The motion to strike will be denied.